UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY S. KRAVITZ,

                        Plaintiff,

                                                                   9:16-CV-1251
v.                                                                   (GTS/ATB)

THOM LANPHEAR, Columbia Cty. Corr. Officer,
f/k/a Lanpher; and JOHN/JANE DOE(S), Unknown
Members of the Cty. of Columbia Sheriff's Dept. and
Unknown Civilian Employees and Agents of the Cty.
of Columbia Sheriff's Dept.,

                        Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

JAY S. KRAVITZ
  Plaintiff, *Pro Se*
P.O. Box 206
Earlton, New York 12058

GOLDBERG SEGALLA, LLP                   JONATHAN M. BERNSTEIN, ESQ.
  Counsel for Defendants
8 Southwoods Boulevard, Suite 300
Albany, NY 12211-2526

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Jay S.

Kravitz ("Plaintiff") against the above-captioned employees of the Columbia County Jail in

Columbia County, New York ("Defendants") asserting claims of inadequate medical care, are

United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that

Plaintiff's Complaint be dismissed in its entirety, (2) Plaintiff's Objections to the Report-

Recommendation, and (3) Defendants' response to Plaintiff's Objections. (Dkt. Nos. 59, 61, 62.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed in its entirety.

I.     RELEVANT BACKGROUND

    A.     Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following findings of fact and conclusions of law: (1) Plaintiff's claim against the John/Jane Doe Defendants should be dismissed because of Plaintiff's failure to identify and serve those Defendants within the statutory deadline; (2) Plaintiff's remaining claim (i.e., against Defendant Lanphear) is most-properly construed as arising under not the Eighth Amendment but the Fourteenth Amendment, the second element of which has been modified by the Second Circuit in *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); and (3) according to that modified standard, Plaintiff's claim against Defendant Lanphear should be dismissed for a variety of reasons, including the fact that (a) Plaintiff's allegations that his treating physician had issued a prescription for a cane are unsupported by admissible record evidence, (b) based on the admissible record evidence, Plaintiff was properly denied the use of his own cane, given the facility's security protocols and available medical equipment, (c) Plaintiff's allegations that Lanphear confiscated Plaintiff's cane are unsupported by admissible record evidence, and (d) based on the admissible record evidence, even assuming Lanphear had refused to give Plaintiff his cane, Plaintiff would have been able to obtain one from the medical department (upon the proper showing). (Dkt. No. 59, at Part III-IV.)

**B.     Plaintiff's Objections to the Report-Recommendation**

Generally, in his Objections, Plaintiff asserts the following three arguments: (1) genuine disputes of material fact preclude the dismissal of Plaintiff's deliberate-indifference claim against Defendant Lanphear because (a) Plaintiff's private physician had deemed the cane medically necessary and provided a prescription to the facility, and (b) indeed, the facility's Hearing Officer determined that Plaintiff should have been granted the use of the cane; (2) in fact, Plaintiff should be granted summary judgment because (a) Plaintiff had a sufficiently serious medical need of which Lanphear was aware, and (d) nonetheless, Lanphear callously refused Plaintiff the use of his cane; and (3) Defendant Lanphear is not entitled to qualified immunity because Plaintiff has established Defendant Lanphear was deliberately indifferent to Plaintiff's medical needs by showing Defendant had knowledge of Plaintiff's serious medical need and nonetheless denied Plaintiff the use of his cane. (Dkt. No. 61, at Points I-III.)

**C.     Defendants' Response to Plaintiff's Objections**

Generally, in their response to Plaintiff's Objections, Defendants assert the following three arguments: (1) as an initial matter, the Court should reject as untimely Plaintiff's Objections (which were due by May 30, 2019, but were not filed until June 5, 2019); (2) in any event, Plaintiff's claim of deliberate indifference should be dismissed because (a) contrary to Plaintiff's assertion, the facility's Hearing Officer did not determine that Plaintiff should have been provided with the use of a cane, and in fact denied Plaintiff's grievance, (b) contrary to Plaintiff's assertion, the record is bereft of documentary evidence (or indeed any admissible evidence) that Plaintiff's private physician determined that the cane was medically necessary, (c) as found by Magistrate Judge Baxter what the New York State Department of Corrections and

3

Community Supervision approved in 2010 is not relevant to what was approved when Plaintiff came to the Columbia County Jail (four years later), and (d) as also found by Magistrate Judge Baxter, Defendant Lanphear did not have the authority to rule against a finding of medical personnel employed by the Columbia County Jail; and (3) as to Plaintiff's argument that Defendant Lanphear is not entitled to qualified immunity, Plaintiff has failed to show that the Court misapplied the law or even that there was a violation of a constitutional right. (Dkt. No. 62.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

4

could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear-error in the Report-

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Recommendation.[5] Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein and Plaintiff's Complaint is dismissed in its entirety. To those reasons, the Court will add only two points.

First, as a threshold matter, the Court rejects Plaintiff's Objections as untimely for the reasons stated by Defendants. Granted, the deadline for the Objections was not May 30, 2019, but was June 3, 2019 (i.e., three calendar days if the Report-Recommendation was served on the objecting party by mail, plus fourteen calendar days unless the fourteenth day is a Saturday, Sunday, or legal holiday, in which case the period continues to run until then end of the next day that is not a Saturday, Sunday, or legal holiday). Moreover, Plaintiff's Objections were received by the Clerk's Office not on June 5, 2019, but June 4, 2019. However, Plaintiff's Objections were still late. Because he was not incarcerated at the time he mailed them, he is not entitled to the "Prison Mailbox Rule"; and, in any event, the date on his submission was "February 19, 2019," which is patently impossible, given that the Report-Recommendation was not issued until May 15, 2019.

Second, even if the Court were to deem Plaintiff's Objections timely, it would still adopt the Report-Recommendation. This is because, even when construed liberally, Plaintiff's three

---

[5] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

arguments for rejecting the Report-Recommendation (described above in Part I.B. of this Decision and Order) do not contain a *specific* challenge to the first finding of fact and conclusion of law rendered in the Report-Recommendation: that Plaintiff's claim against the John/Jane Doe Defendants should be dismissed because of Plaintiff's failure to identify and serve those Defendants within the statutory deadline. As a result, that portion of the Report-Recommendation is entitled to only a clear-error review, which it easily survives.

Moreover, and finally, even when construed liberally, Plaintiff's three arguments for rejecting the Report-Recommendation do not even contain any *new* contentions (i.e., contentions that actually attack *the Report-Recommendation*); rather, they simply reiterate his prior arguments asserted in his opposition memorandum of law. (*Compare* Dkt. No. 61, at Points I-III [Plf.'s Obj.] *with* Dkt. No. 56, at Points I-III [Plf.'s Opp'n Memo. of Law].) As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which (again) they easily survive. In the alternative, those portions of the Report-Recommendation survive a *de novo* review for the reasons stated by Magistrate Judge Baxter in his Report-Recommendation, and by Defendants in their response to Plaintiff's Objections. *See, supra,* Parts I.A. and I.C. of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 59) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 24, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

8